```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION


BETTY JOHNSON,                    :
                                  :   Case No. 1:12-CV-590
       Plaintiff,                 :
                                  :
                                  :
   v.                             :   OPINION AND ORDER
                                  :   AWARDING ATTORNEY'S FEES
                                  :   AND COSTS
COMMISSIONER OF SOCIAL            :
SECURITY,                         :
                                  :
       Defendant.
```

This matter is before the Court on Plaintiff's Motion for Attorney's Fees and Costs under the Equal Access to Justice Act (doc. 16), to which Defendant has responded (doc. 17) and Plaintiff has replied (doc. 18).  Plaintiff, by her attorney John Woliver, asks for a total award of $9,711.00, specifically $9,361.00 for fees pursuant to 28 U.S.C. § 2412(d) and $350.00 for costs pursuant to 28 U.S.C. § 2412(a)(1).

Plaintiff seeks an award of fees and costs on the bases that she is a prevailing party and the position of the United States in this litigation was not substantially justified (see doc. 16 at 2).  Plaintiff's attorney has attached to the instant motion an itemized report of the time he spent on this matter (doc. 16-1 attachment 1). And in compliance with Bryant v. Comm'r of Soc.

1

Sec., 578 F.3d 443, 450 (6th Cir. 2009), he also has included his own affidavit in which he details his considerable professional experience (doc. 16-1 at 2 ¶¶ 4,5); the Department of Labor's Consumer Price Index (to support a claim that the rate of inflation justifies an enhanced hourly rate) (doc. 16-1 attachment 2); and an affidavit from Lawrence Fisse, Esq., in which he testifies as to his own professional experience in the social security disability practice, as well as Mr. Woliver's, and verifies that the time diaried by Plaintiff's attorney in this matter is reasonable and confirms that the hourly rate requested is in line with what a member of the Clermont County, Ohio local bar typically would realize (doc. 16-3).

In its memorandum in opposition, the Government does not argue that the Commissioner's position was substantially justified and thus an award of fees and costs under the EAJA is improper (doc. 17 at 2). Rather, the Government challenges both the reasonableness of the hourly rate of $185.00 requested and the number of hours diaried. It urges that a rate of $125.00 per hour, for 30 rather than 50.6 hours, would appropriately reduce Plaintiff's fee award to $3,750.00 (see id. at 8). Presumably the Government does not contest the request for an award of costs in the amount of $350.00.

I. **Discussion**

  A. **Reasonableness of the Hourly Rate Requested**

The Government urges that Plaintiff has not met her burden under Bryant to justify an increase in the statutory ceiling rate of $125.00 per hour. See Bryant, supra, 578 F.3d at 450 (construing 28 U.S.C. § 2412(d)(2)(A)[1]). We disagree. This Court previously has outlined what we require in this regard to conform with the Sixth Circuit's directive and Plaintiff has complied. See Zellner v. Astrue, No. 1:10-CV-812, 2012 WL 273937 (S.D. Ohio Jan. 31, 2012). We have awarded fees at an hourly rate in excess of $125.00 in appropriate circumstances on a number of occasions. Ringel v. Comm'r of Soc. Sec., No. 1:12-CV-521 (S.D. Ohio May 22, 2014) ($170.00); McKinney v. Comm'r of Soc. Sec., No. 1:13-CV-527 (S.D. Ohio Apr. 11, 2014) ($180.00); Godby-Dean v. Comm'r of Soc. Sec., No. 1:12-CV-734 (S.D. Ohio Apr. 4, 2014) ($170.00); Schott v. Comm'r of Soc. Sec., No. 1:12-CV-918 (S.D. Ohio Mar. 18, 2014) (greater than $180.00); Zellner,

---

[1] Under the EAJA, an attorney's fees award

shall be based upon prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

supra, 2012 WL 273937, at *3 ($170.00); Stanley v. Comm'r of Soc. Sec., No. 1:10-CV-507, 2012 WL 84081 (S.D. Ohio Jan. 11, 2012) ($170.00); Dunigan v. Comm'r of Soc. Sec., No. 1:08-CV-501 (S.D. Ohio Oct. 28, 2009) ($165).  In some cases the Commissioner challenged the rate requested (Stanley, Godby-Dean, Schott, Zellner), and, in others, did not (Ringel, McKinney, Dunigan).

The Government's arguments are not persuasive.  That other attorneys who represent claimants seeking an award of social security disability benefits previously have sought, or stipulated to, an hourly rate of $125.00 on behalf of their clients is not dispositive.  Moreover, the Commissioner is mistaken in stating that the affidavits of Messrs. Woliver and Fisse fail to establish "a prevailing market rate for Social Security appeals in Southwestern Ohio" (doc. 17 at 6).  Both attorneys have practiced in Batavia, Clermont County, Ohio for thirty-five years or more, and both represent clients seeking awards of social security disability benefits and supplemental security income, with Mr. Woliver's practice including such matters "at all times" since he left the employ of the Legal Aid Society of Cincinnati in 1982.  Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343 (6th Cir. 2004), cited by the United States, is completely inapposite.  In that case, the plaintiff was forced to hire as "local counsel" a "highly experienced" Washington, D.C.

4

lawyer in order to depose the Deputy Assistant Director of the Secret Service in our national capital. 227 F.3d at 346. At issue was whether his $300.00 per hour fee, double that of counsel practicing in the Knoxville area, ought to be awarded to the plaintiff as a prevailing party under the EAJA. Id. at 346-47. Because the United States' "obstructive and dilatory litigation tactics" forced her to hire a higher-priced attorney, the Sixth Circuit concluded that the plaintiff was indeed entitled to recover fees at the more expensive Washington, D.C. rate. Id. at 351. In contrast, Mr. Woliver is a familiar practitioner in the local bar for the Southern District of Ohio and is not seeking an hourly rate out of step with "'those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Bryant, supra, 578 F.3d at 450 (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). Accordingly, based on this Court's considerable experience in deciding motions for fees under the EAJA, as well as the materials tendered by counsel for Plaintiff in support, we are satisfied that the hourly rate requested, $185.00 per hour, is reasonable.

B. **Number of Hours Diaried**

The Government also urges that "the number of hours incurred by counsel is excessive and does not exhibit billing judgment[]"

5

(doc. 17 at 7). Again, we disagree. This case has a ten-year history. Plaintiff originally filed for benefits in September 2004. She first sought judicial review of the Commissioner's decision to deny her benefits in December 2009. We remanded the matter under Sentence Four, with very specific instructions to the ALJ. A second, <u>then a third</u>, administrative hearing was held, resulting in another decision denying benefits. In her second appeal to this Court, Plaintiff alleged eight assignments of error, all of which the Magistrate Judge recommended we reject. Her counsel's objections, thoroughly and quite impressively briefed, persuaded us that the Commissioner's decision merited reversal with an immediate award of benefits.

Plaintiff's counsel acknowledges that the number of hours diaried is "higher than most Social Security cases[]" (doc. 18 at 4). We recognize, however, drawing again on our considerable experience, that this case is far from typical. To begin, we note that the severe impairments at issue included fibromyalgia, a complex medical condition. The administrative record, which included the transcripts from three full hearings before the ALJ and voluminous medical evidence, was obviously long. Plaintiff's brief containing her Statement of Errors (doc. 5) submitted to the Magistrate Judge was more than 20 pages, as was her brief containing her Objections to the unfavorable Report and

Recommendation that we reviewed (doc. 13). Particularly helpful to the Court was the six-page Appendix to her Objections outlining Plaintiff's post-insured treatment for pain management (doc. 13-1). The Court is satisfied that none of the hours diaried are "excessive, redundant or otherwise unnecessary," see generally Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), and thus finds the request for a fee award including all 50.6 hours to be reasonable in this instance.

## II. Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Attorney's Fees and Costs under the Equal Access to Justice Act (doc. 16) and thus **AWARDS** her $9,711.00.

SO ORDERED.

Dated: August 6, 2014         s/S. Arthur Spiegel_____
                              S. Arthur Spiegel
                              United States Senior District Judge