UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BETTY JOHNSON, | : | No. 1:12-cv-00590 |
| Plaintiff, | : | |
| v. | : | **OPINION AND ORDER** |
| | : | **AWARDING ATTORNEY FEES** |
| COMMISSIONER OF SOCIAL SECURITY, | : | **UNDER SECTION 406(b)** |
| Defendant. | : | |

This matter is before the Court on the motion of John Woliver, counsel for Plaintiff, for an award ordering payment of his attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1)(A) (doc. 20). Counsel seeks $23,315.75, representing twenty-five percent of the past-due disability benefits awarded to Plaintiff. In support of such an award, Mr. Woliver submits an itemized statement of time spent on this matter in its entirety, including at the district court level (id. (Affidavit of John Woliver ¶ 4 & Attachment 2 (PAGEID ##: 203, 206-08))), a copy of the contingent fee agreement into which Plaintiff entered (id. (Woliver aff. ¶ 3 & Attachment 1 (PAGEID ##: 203, 205))), and the October 27, 2014 Notice of Award from the Social Security Administration that, among other things, documents the amount withheld from Plaintiff's past-due benefits out of which an attorney's fee may be awarded (id. (Woliver aff. Attachment 3 (PAGEID ##: 209-14))). Counsel also attaches an affidavit from

1

Plaintiff approving the requested fee award (id. (Woliver aff. Attachment 4 (PAGEID ##: 215-16))) as well as one from attorney Lawrence Fisse who testifies as to the reasonableness of the time spent on this matter, which includes three separate administrative hearings, two separate appeals to the federal district court requiring multiple briefs addressing a variety of issues and a request on Plaintiff's behalf for an award of attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(a)(1), (d) (id. (Woliver aff. Attachment 5 (PAGEID ##: 217-18))).

Mr. Woliver has represented Plaintiff for the past nine years, devoting 108 hours toward achieving an award of disability benefits for her.  Those 108 hours break out as follows:

    (1)  First administrative hearing through an appeal to the Appeals Council (10.8 hours);

    (2)  First appeal to this Court (Case No. 1:09-CV-00936), resulting in a remand to the Commissioner (12.3 hours);

    (3)  Two additional administrative hearings before an ALJ and another appeal to the Appeals Council (22.3 hours);

    (4)  Second appeal to this Court (the instant action), including Plaintiff's claim for fees and costs under the EAJA (61 hours);

    (5)  Post-award correspondence with Plaintiff (1.6 hours).

Counsel avers that, in the event he is awarded the entire twenty-five percent, he will not seek an additional order from the Social Security Administration pursuant to Section 406(a) to compensate him for work done at the administrative level (see doc. 20 at 3 & Woliver aff. ¶ 5 (PAGEID #: 204)).

Fee awards in actions for disability benefits are governed by Section 406(b), which limits them to a reasonable amount not in excess of twenty-five percent of the past-due benefits owed. Contingent fee arrangements under this section must be reviewed by courts to ensure that they are reasonable under the circumstances of the case. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). A court may, for example, look to the character of the representation, the results achieved and whether the fee would represent a "windfall" for the attorney. Id. at 808. Most recently, the Sixth Circuit affirmed the decision of our colleague, Chief Judge Dlott, who rejected a fee award that would have resulted in an effective hourly rate of $733.80, in large part because said rate "grossly exceeded—indeed more than quadrupled—the standard rates applied to social security fee requests in the Southern District of Ohio." Lasley v. Comm'r of Soc. Sec., 771 F.3d 308, 310 (6th Cir. 2014).

Having reviewed Plaintiff's counsel's motion and its attachments, and noting the lack of any memorandum in opposition by Defendant Commissioner, the Court is persuaded that the

3

requested award is reasonable and satisfies the requirements of 42 U.S.C. § 406(b). First and foremost, the character of the representation in this matter was impeccable. Second, counsel obtained for Plaintiff the ultimate result—an award of disability benefits. Finally, the total amount withheld, $23,315.75, divided by the 61 hours of work devoted to just the second federal (and instant) appeal, amounts to an effective hourly rate of $382. In evaluating petitions for fee awards under the EAJA, this Court has awarded hourly rates in the $180s[1], and, in fact, did so previously in this very matter (see doc. 19 ($185)). Counsel's request here obviously amounts to slightly more than twice the rate we have been recently awarding, but that does not necessarily render it unreasonable and we are mindful of the role that contingent fee agreements play "to assure social security claimants of good representation." See Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 422 (6th Cir. 1991). Accordingly, the Court **GRANTS** the instant motion for attorney fees (doc. 20), and **AWARDS** $23,315.75 to John Woliver, Esq., provided that, upon receipt of

---

[1] See, e.g., McKinney v. Comm'r of Soc. Sec., No. 1:13-CV-00527 (S.D. Ohio Apr. 11, 2014) ($180.00); Schott v. Comm'r of Soc. Sec., No. 1:12-cv-918 (S.D. Ohio Mar. 18, 2014) (greater than $180.00); Santiago v. Comm'r of Soc. Sec., No. 1:12-CV-0498 (S.D. Ohio Mar. 12, 2013) ($180.85). Additionally, we note that the Sixth Circuit has pronounced rates in the low $170s to be "modest", see Glenn v. Comm'r of Soc. Sec., 763 F.3d 494, 497 n.3 (6th Cir. 2014).

5

this award, Mr. Woliver shall immediately remit to Plaintiff the $9,361.00 in fees previously awarded under the Equal Access to Justice Act.

    SO ORDERED.

Dated: December 18, 2014    s/S. Arthur Spiegel
                                        S. Arthur Spiegel
                                        United States Senior District Judge